In re ROUKOUS.

(District Court, D. Rhode Island. March 16, 1904.)

No. 326.

1. BANKRUPTCY—SETTING ASIDE COMPOSITION—GROUNDS.

That a bankrupt made a false schedule or a false oath to his schedule constitutes ground for setting aside a composition for fraud practiced in procuring the same, if not known to the petitioning creditor until after the confirmation, notwithstanding the fact that the order confirming the composition recites that it appears that the bankrupt has not been guilty of any acts which would be a bar to his discharge, and that the offer and its acceptance are in good faith, and have not been made or procured by means contrary to the acts of Congress relating to bankruptcy.

2. SAME.

The petition is not demurrable for the omission of an allegation that the petitioner restored, or offered to restore, the consideration immediately on the discovery of the fraud, or for an omission to tender the consideration into court.

3. SAME—SUFFICIENCY OF PETITION.

A petition to set aside a composition *held* to state a case for relief, although in some respects too general in its allegations of fraudulent acts on the part of the bankrupt.

4. SAME.

A petition to set aside a composition filed within the six months allowed therefor, and which alleges that the fraud charged was not known to the petitioner until after the confirmation, is sufficient, and need not allege the time or manner in which his knowledge was acquired.

5. SAME—VERIFICATION.

A verification of a petition to set aside a composition in the usual form for a bill in equity is sufficient.

In Bankruptcy. On demurrer to petition of Lewis E. Harrower to set aside composition.

John F. Byrne, for petitioner.

Van Slyck & Mumford, Charles C. Mumford, and J. Jerome Hahn, for bankrupt.

BROWN, District Judge. This is a demurrer to a petition to set aside a composition for fraud. The bankrupt contends that the petition does not set forth any "fraud practiced in the procuring of such composition," within the meaning of section 13, c. 3, of the bankruptcy act. Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]. The petition charges the making of a false schedule, and of a false oath to the schedule, and the concealment of property. It is urged that these facts were in issue on the question of the confirmation of the composition, that the petition is in the nature of a bill to annul a judgment, and that a judgment cannot be

set aside for perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. The bankrupt relies upon United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Insurance Co. v. Hodgson, 7 Cranch, 332, 3 L. Ed. 362.

While the order confirming the composition recites that it appears that the bankrupt has not been guilty of any acts, or failed to perform any of the duties, which would be a bar to his discharge, and that the offer and its acceptance are in good faith, and have not been made or procured by any means, promises, or acts contrary to the acts of Congress relating to bankruptcy, this, in my opinion, does not preclude the creditor from setting aside the composition for any acts of fraud in procuring it, discovered since the confirmation, and set forth in a petition filed within six months thereafter, even if such. acts would have been a bar to the confirmation of the composition if presented in opposition thereto. That a false statement by a bankrupt as to the condition of his estate, made in a sworn schedule, if relied upon by a creditor in agreeing to a composition, would constitute fraud in procuring the composition, is clear. The purpose of the schedule is to inform the creditors of the condition of the bankrupt's estate. If the creditor believes this information to be true, and is influenced thereby to accept a composition, this is "fraud practiced in the procuring of such composition," within the meaning of section 13, c. 3, of the bankruptcy act. Only frauds known to the petitioner before the confirmation are barred by this section. While section 15, as to discharges, uses the expression, "parties in interest who have not been guilty of undue laches," there is no such limitation in section 13. Upon the bankrupt's construction of section 13, if a creditor believes a bankrupt's oath, makes no further inquiry, and learns of no fraud, he is absolutely precluded from setting up frauds which would have been a bar if discovered and urged before the confirmation. A construction which would require a creditor to disregard a bankrupt's oath to his schedule, and to make an independent investigation into the bankrupt's affairs before agreeing to the composition, under penalty of being finally precluded by the confirmation thereof, would be unreasonable. Compositions are ordinarily made with a view to a speedy settlement. It is not a requirement of ordinary diligence that a creditor should assume a bankrupt to be guilty of a false oath, and, upon such assumption, make, in each case, an independent investigation before agreeing to the terms of the composition. Because creditors must ordinarily rely, to a great extent, upon a bankrupt's statement of his affairs in considering the terms of a composition, and because ordinarily they will extend to the bankrupt a presumption of innocence of criminal offense or fraud, there is a practical danger that advantage may be taken of their reliance upon the bankrupt's sworn schedule. This danger would be especially great if the bankrupt had only to procure a confirmation of the composition in order to preclude all further inquiry into the matters enumerated in section 13 as constituting a bar to confirmation. It was doubtless a purpose of section 13 to guard against the danger that a creditor might be induced to agree to a composition through fraudulent statements of the bankrupt as to the condition of his estate;

and there is no reason why the inquiry should be closed if the statements were made under oath in a schedule filed in the bankruptcy court. It was the clear purpose of the statute to give a definite period of six months within which a petition might be filed to impeach a composition for fraud, the knowledge whereof came to the petitioner since the confirmation. To so limit this section by construction as to exclude all frauds which would bar a confirmation would frustrate the purpose of section 13, and do violence to its terms.

It is further urged that the petition is insufficient in that it does not aver that the petitioner restored, or offered to restore, the consideration immediately on discovery of the fraud, and does not tender the same into court. The object of the petition is to secure additional payments. There is no apparent reason why a petitioner who has received less than his due should surrender this as a condition precedent to getting the full amount to which he is entitled. The setting aside of a composition will not ordinarily have the effect of invalidating pro rata payments made in pursuance of the composition. Ex parte Hamlin, 2 Lowell, 571, Fed. Cas. No. 5,993; Collier on Bankruptcy (4th Ed.) 155; Brandenburg on Bankruptcy (3d Ed.) § 339.

Objection is also made to the petition for lack of particularity in its allegations as to the details of fraud. The petition contains general allegations of the concealment of property, and of false statements in the schedule. Some of the allegations, it is true, have not such particularity as to apprise the bankrupt of the exact matters which will be offered in evidence. The burden is upon the petitioner to show fraud in procuring the composition. He points out specific portions of the schedule which he alleges were false, and alleges the omission of real estate and merchandise. While the allegation that his estate "did comprise real estate" is too indefinite, yet the general character of the merchandise is stated, and there is an averment of the removal and concealment of property of large value, and various places are specified in this connection. If the petitioner desires to introduce evidence as to the possession of real estate, he should amend his petition; but it cannot be said that the petition does not state a case for relief; and it is not apparent that the bankrupt will be prejudiced by proceeding to trial upon the allegations of the petition as to the falsity of the schedule in particulars other than the possession of real estate, and as to the concealment of merchandise.

It is also objected that the petition does not set forth when or how the petitioner learned the facts averred in said petition. It is alleged, however, that the petitioner had no knowledge of the facts alleged prior to the date of confirmation of the composition; and, as he has filed his petition within six months, he has brought himself within the language of the statute, and this, for the purposes of this petition, is sufficient.

Objection is also made that the petition is improperly verified. The verification is in the usual form for a bill in equity. Without examining the authorities, I will make a pro forma ruling that a verification in the usual form for a bill in equity is sufficient on a petition of this character.

Demurrer overruled.