## In re LILYKNIT SILK UNDERWEAR CO., Inc.

District Court, S. D. New York.

Nov. 1, 1933.

Shortly after an involuntary petition had been filed against it, the alleged bankrupt made an offer of composition. The offer was accepted by a majority of the creditors, and the composition was confirmed by the District Court over objections by certain creditors. The objecting creditors carried the matter to the Circuit Court of Appeals which reversed the order of confirmation. Meanwhile the assenting creditors had been paid dividends out of the composition fund, and the composition had been carried out. There had been no order staying distribution pending appeal, and these creditors were not made parties to the appeal. After the reversal, there was an adjudication and a trustee was appointed. The trustee then obtained an order on the creditors who received the dividends out of the composition fund to show cause why they should not pay them over to the trustee. None of the creditors who appeared in response to the order objected to the jurisdiction. The referee held that the creditors were entitled to keep the moneys and therefore dismissed the proceeding.

The question is an open one on the authorities. There is a dictum in Field & Co. v. Wolf & Bro. Dry Goods Co., 120 F. 815, 816, decided by the Circuit Court of Appeals for the Eighth Circuit, to the effect that restitution will be ordered in a case like the present one. This dictum is of doubtful value in this circuit. See In re Gottlieb (C. C. A.) 262 F. 730. On the other hand, there is a dictum in Re Roukous, 128 F. 645, in the District Court of Rhode Island, that on the setting aside of a composition, restitution need not be made. On principle, the case impresses me as a proper one for restitution.

I take it to be a rule of general application that where a fund under administration by a court has been paid out under a decree of distribution, the reversal of such decree puts the parties in the same position as if it had never been rendered and the custodian of the fund is entitled to restitution by the distributees. Scholey v. Halsey, 72 N. Y. 578; People v. Remington & Sons, 60 Hun, 42, 14 N. Y. S. 441; Seaboard National Bank v. Rogers Milk Products Co. (C. C. A.) 21 F.(2d) 414; 24 Corpus Juris, p. 503. This rule is as applicable in bankruptcy proceedings as in suits in equity, for the bankruptcy court is a court of equity, guided and controlled by equitable principles within its own domain. Searle v. Mechanics' Loan & Trust Co. (C. C. A.) 249 F. 942;

Hahn, Abeson & Golin, of New York City (Julius J. Abeson, of New York City, of counsel), for trustee.

Rosenman, Weil, Gotshal & Manges, of New York City (Eli M. Spark, of New York City, of counsel), for Fulton County Silk Mills et al., creditors.

Otterbourg, Steindler & Houston, of New York City (Aaron Rosen and Gustave I. Jahr, both of New York City, of counsel), for Commercial Factors Corporation, creditor.

Benjamin H. Wicksel, of New York City, for Julius Kayser & Co., creditor.

PATTERSON, District Judge.

The point is whether creditors who have received payments under a composition confirmed by the District Court must pay over to the trustee the amounts received by them after the order of confirmation has been reversed by the Circuit Court of Appeals.

898

In re Young (C. C. A.) 294 F. 1. The absence of any provision for restitution in the Bankruptcy Act (11 USCA) and in the rules of court is therefore of no significance.

There is a difficulty, it is true, in applying the rule to the case of a composition confirmed by the District Court and reversed on appeal. The composition fund is not the same as the bankrupt estate. If the composition had been rejected by the District Court, the fund would have been returned to those who deposited it. But generally the fund comes in large part from the bankrupt estate, and that was the case here. To at least that part of the fund the receiver or trustee is entitled. And to the extent that the fund came from strangers, it should be returned to the custody of the bankruptcy court, later to be returned to the strangers or to be made part of the bankrupt estate as justice may require. The statement is made in the trustee's brief that there are equities in the case which entitle the trustee to the entire fund. That matter is not before the court for decision.

The creditors who assented to the composition and received dividends under it make the point that they were not parties to the appeal and therefore are not affected by the reversal. The rule in this circuit is that assenting creditors are not necessary parties to an appeal by objecting creditors from an order confirming a composition. In re Gottlieb, supra. And in this very case the appeal was entertained without the presence of the assenting creditors, so that it is now the law of the case that assenting creditors are not necessary parties to such an appeal. The question before the appellate court was a single one—whether or not the composition should be confirmed. The reversal of the order of confirmation necessarily affected all the parties to the composition, whether they took part in the appeal or not.

The assenting creditors make the further point that the objecting creditors should have applied for a stay of distribution pending appeal. This would doubtless have been a prudent course for the objecting creditors; yet I fail to see how their omission to do so should prejudice their rights. The same argument might be made in any case involving restitution after reversal on appeal.

It follows that the referee should have given the trustee the relief prayed for. His order will be reversed and an order entered for the return of the dividends.