THE BANK OF THE UNITED STATES, APPELLANTS v. JOHN T. RITCHIE, JUN., AND OTHERS, APPELLEES.

130

The case was argued by Mr Coxe, for the appellants; and by Mr Marbury, for the appellees.

Mr Coxe, for the appellants.

134

Mr Marbury, for the appellees.

136

138

Mr Coxe, in reply,

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This is an appeal from a decree pronounced by the United States court for the District of Columbia, sitting in chancery, for the county of Washington.

The Bank of the United States and others, alleging themselves to be creditors of Abner Ritchie deceased, instituted this suit in chancery against John T. Ritchie administrator, and one of the heirs of the said Abner, and against John T. Ritchie, Jun. and others, who were the infant heirs of the said Abner, praying that his real estate may be subjected to the payment of the debts due to them, and that so much of the said estate might be sold as would satisfy their claims.

The bill charges, that Abner Ritchie died, possessed of a considerable estate, not having left personal estate sufficient to pay his debts.

The subpœna was returned, executed on John T. Ritchie, the other defendants not found. On being called, they appeared by attorney, whereupon, on motion of the plaintiffs,

Thomas Turner was appointed guardian to appear and answer for the infant defendants. The infant defendants answer that, according to the belief and knowledge of their guardian, the said claims are, as alleged in said bill of complaint, due and owing to the several complainants; and that Abner Ritchie did die, leaving personal property insufficient for the payment of his debts, having, as is alleged, real property, &c; and that they have no objection to the sale of a part thereof, sufficient to pay his debts. The answer is not sworn to by the guardian.

The answer of John T. Ritchie administrator, and one of the heirs of Abner Ritchie, admits that his intestate died considerably indebted; suggests that the claims of the complainants should be referred to an auditor, alleges that he is himself a creditor, and that the personal assets of his testator are insufficient for the payment of his debts. He is willing that the real estate should be sold, and the proceeds applied to the payment of deb's

The cause came on to be heard by consent, and on the 21st day of June 1826, the court also by consent of parties, decreed that the real estate of Abner Ritchie deceased, or such part thereof as may be necessary for the purpose, be sold for the payment of the debts due to the complainants, and of such other creditors as should come in, &c., within the time prescribed in the decree. A trustee was appointed to make the sale, who, after giving bond with surety, and advertising the real property left by the said Abner, or so much thereof as might be deemed sufficient to satisfy his debts, at least three weeks, should proceed to sell the same to the highest bidder; one fourth of the purchase money to be paid in cash, and the residue in four equal instalments, at six, twelve, eighteen and twenty-four months; for which the trustee is to take the notes of the purchaser, the property to stand as security for the payment of the purchase money. And, upon payment of said notes and interest, the said trustee, and the heirs of Abner Ritchie, as they respectively attain the age of twenty-one years, shall convey in fee. The trustee was directed to report his proceedings to the court at the succeeding term, and to pay into court the net proceeds of the first payment, and on payment of the balance, was to convey. The court appointed Joseph Forrest to report on such claims on the estate of Abner

Ritchie, as should be proved to him before the first Monday in the succeeding November, and the administrator of Abner Ritchie was directed to exhibit to him the settlement of his administration account with the orphan's court.

On the 28th of March 1828, the trustee reported, that after giving bond, and advertising as required by the decree, he had, on the 17th day of July 1826, sold the property at public sale, to John T. Ritchie, the highest bidder, for the sum of two thousand seven hundred and fifteen dollars. That Mr Ritchie, having produced satisfactory evidence of his having paid all the debts, and becoming the only creditor to an amount exceeding the amount of sales, he had made to him a deed conveying the property.

On the 10th of June 1828, the auditor made his report, in which he disallows several claims to a large amount, made by John T. Ritchie, against the estate of Abner Ritchie.

In 1828 some of the infant heirs of Abner Ritchie, by their next friend, filed their bill of review against the complainants in the original suit, and against John T. Ritchie, the administrator of Abner Ritchie, and the purchaser of his real estate, and against such of the other defendants as do not become plaintiffs; in which they state the proceedings in the original suit, and assign various errors in the decree; for which, and for other errors therein, they pray that the same may be reviewed and reversed, that the deed made by the trustee to the defendant John T. Ritchie, and all deeds made by him to the other defendants, may be declared void, and that the sales made by the trustee may be set aside.

The infant defendants answer by their guardian, and admit the allegations of the bill. The other defendants also answer, and insist on the original decree.

The cause came on to be heard in May term 1830, by consent, when the court, being of opinion that there was manifest error in the original proceedings and on the face of the decrees, did adjudge, order and decree, that the same should be reversed and annulled, and that all proceedings of the trustee therein named, and all sales and deeds made by him by virtue thereof, to the defendant John T. Ritchie, or any other person, and all deeds made by the said John T. Ritchie of the said real estate, to either of the other defendants, or for their use,

so far as respects the interest of any of the heirs of Abner Ritchie, except the said John T. Ritchie, Senior, should be utterly null and void, and that the complainants be restored to their original estates.

From this decree the defendants appealed to this court. A doubt has been suggested, whether a bill of review could be sustained in this case. The parties proceeded under an act of the legislature of Maryland, passed in the year 1785, ch. 72, entitled, "an act for enlarging the power of the high court of chancery." The fifth section enacts, "that if any person hath died, or shall hereafter die, without leaving personal estate sufficient to discharge the debts by him or her due, and shall leave real estate, which descends to a minor, or person being idiot, lunatic, or non compos mentis, or shall devise real estate to a minor, or person being idiot, lunatic, or non compos mentis, or who shall afterwards become non compos mentis, the chancellor shall have full power and authority, upon application of any creditor of any deceased person, after summoning such minor, and his appearance by guardian, to be appointed as aforesaid, and hearing as aforesaid, or after summoning the person being idiot, lunatic, or non compos mentis, and his appearance by trustee, trustees, or committee, to be appointed as aforesaid, and hearing as aforesaid, and the justice of the claim of such creditor is fully established; if, upon consideration of all circumstances, it shall appear to the chancellor to be just and proper that such debts should be paid by a sale of such real estate, to order the whole, or part of the real estate so descending or devised, to be sold, for the payment of the debts due by the deceased."

From the language of this section some doubt was entertained, whether the act conferred a personal power on the chancellor, or was to be construed as an extension of the jurisdiction of the court. If the former, it was supposed that a bill of review would not lie to a decree made in execution of the power On inquiry, however, we are satisfied, that in Maryland, the act has been construed as an enlargement of jurisdiction, and that decrees for selling the lands of minors and lunatics, in the cases prescribed by it, have been treated, by the court of appeals of that state, as the exercise of other equity powers.

We proceed then to examine the original decree, and the errors assigned in it.

In all suits brought against infants, whom the law supposes to be incapable of understanding and managing their own affairs, the duty of watching over their interests devolves, in a considerable degree, upon the court. (a)    They defend by guardian to be appointed by the court, who is usually the nearrest relation not concerned, in point of interest, in the matter in question. (b)    It is not error, but it is calculated to awaken attention that, in this case, though the infants, as the record shows, had parents living ; a person not appearing from his name, or shown on the record to be connected with them, was appointed their guardian ad litem.

He was appointed, on the motion of the counsel for the plaintiffs, without bringing the minors into court, or issuing a commission for the purpose of making the appointment. This is contrary to the most approved usage, (c) and is certainly a mark of inexcusable inattention.. The adversary counsel is not the person to name the guardian to defend the infants.

The answer of the infant defendants is signed by their guardian, but not sworn to.    It consents to the decree for which the bill prays, and, without any other evidence, the court proceeds to decree a sale of their lands.    This is, we think, entirely erroneous.    The statute under which the court acted, authorises a sale of the real estate. only where the personal estate shall be insufficient for the payment of debts, when the justice of the claims shall be fully established, and when, upon consideration of all circumstances, it shall appear to the chancellor, to be just and proper that such debts should be paid, by a sale of the real estate.    Independent of these special requisitions of the act, it would be obviously the duty of the court, particularly in the case of infants, to be satisfied on these points.

The insufficiency of the personal estate of Abner Ritchie to pay his debts, is stated in the answer of his administrator ; but is not proved, and is admitted in that of the guardian of the

(a) 4 Har. and Johns. 126, 270, 548 ; 5 Har. and Johns. 459 ; 5 Har. and Gill 504 ; Coop. Eq. pl. 28.

(b) Coop. Eq. pl. 29.

(c) Coop. Eq. pl. 109.

infants, but his answer is not on oath ; and if it was, the court ought to have been otherwise satisfied of the fact.

The justice of the claims made by the complainants, is not established otherwise, than by the acknowledgement of the infant defendants in their answer, that, " according to the belief and knowledge of their guardian, they are, as alleged in said bill, respectively due."

The court ought not to have acted on this admission. The infants were incapable of making it, and the acknowledgement of the guardian, not on oath, was totally insufficient. The court ought to have required satisfactory proof of the justice of the claims, and to have established such as were just, before proceeding to sell the real estate.

Without knowing judicially that any debts existed, or the amount really due, or the value of the real estate, the court directed, " that the real estate of the said Ritchie, or such part thereof as may be necessary for the purpose, be sold, for the payment of debts of said Ritchie to complainants, and to such other creditors of said Ritchie, as shall come in and bear their proper proportions of the costs and expenses of this suit, and shall exhibit their claims, with the proper proof thereof, to the auditor hereinafter appointed, &c." The decree does not postpone the sale until the claims, should be exhibited to the auditor ; and, consequently, so far as other creditors were concerned, leaves the trustee without information as to the quantity of property it would be his duty to sell. He accordingly sold the whole estate.

The eighth section of the law which authorizes the sale of real estate descending to minors, enacts, " that all sales made by the authority of the chancellor under this act, shall be notified to, and confirmed by the chancellor, before any conveyance. of the property shall be made." This provision is totally disregarded. The sale was never confirmed by the court ; yet the conveyance has been made. It is a fatal error in the decree, that it directs the conveyance to be made on the payment of the purchase money, without directing that the sale shall first " be notified to, and approved by" the court.

There are radical errors apparent on the face of the decree, which show that the interests of the infants have not been protected as is required by law and usage ; and that great injus-

tice may have been done them. The decree, therefore, ought to have been reversed.

The appellants contend, that, even admitting the propriety of reversing the original decree, the circuit court ought to have stopped at that point, and not to have set aside the conveyances which were made under its authority.

All the persons affected by the decree now under consideration, were parties when it was made. The bill of review prays for the relief which the court granted, and states all the facts which entitled them to that relief. The power of the court was, we think, competent to grant it; if it was required by the principles of equity and justice. The relief might be very imperfect, if, on the reversal of a decree, the party could, under no circumstances, be restored to the property which had been improperly and irregularly taken from him. Cooper, in his Equity Pleading, page 95, says, "the bill may pray, simply that the decree may be reviewed and altered, or reversed in the point complained of, if it has not been carried into execution; but if the decree has been carried into execution, the bill should also pray the further decree of the court, to put the party complaining of the former decree into the situation in which he would have been, if that decree had not been executed." "A supplemental bill may likewise be added, if any event has happened which requires it."

In addition to these general principles which sustain the rule laid down by Cooper, circumstances exist, which require, in an eminent degree, its application to this particular case. The decree itself was disregarded by the trustee, in executing the conveyance. It directed him to receive one fourth of the purchase money in cash, and the residue in four equal instalments. The first payment is to be brought into court, and he is to make the conveyance on receiving the last. He is not authorised to pay the money to the creditors. The court has not entrusted to him the right of deciding on the debts, and disposing of the purchase money. He is only to receive it before he conveys; and, consequently, should hold it subject to the order of the court.

It does not appear that he has ever received a cent. He undertakes to settle the account of Mr Ritchie, the purchaser, and to convey the property to him, in violation of the decree;

on being satisfied by him that he had paid all the debts, and was himself a creditor to an amount exceeding the purchase money.

He had no right to be satisfied of these facts. The court had not empowered him to inquire into, or decide on them. He has transcended his powers; and with the knowledge of the purchaser, and in combination with him, has executed to him a deed which the law did not authorise. This whole proceeding was irregular, and ought to be set aside. The plaintiffs in the original suit will then be at liberty to prosecute their claims according to law.

The court is of opinion, that there is no error in the decree of the circuit court, and that it be affirmed with costs.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is ordered, adjudged and decreed by this court, that the decree of the said circuit court, in this cause be, and the same is hereby affirmed with costs.