N. F. Waring, the mortgagee, who was guilty of the improper acts of altering this bond and mortgage, and of then passing them off to the insurance company, as good and available securities, certainly would not himself have had the right to come into this court to foreclose the mortgage. And his assignees sit in the seat of their assignor, and are not entitled to any relief, against these defendants, which the assignor himself could not have claimed. The decretal order of the vice chancellor, which is appealed from, is therefore right, and it must be affirmed with costs.

---

CONCKLIN and others *vs.* HALL and others.

A peremptory order, obtained by the complainant, for the appointment of a guardian ad litem for infant defendants, is regular, so far, at least, as to protect the title of a purchaser under the decree in the suit in which such order is made.

There is no unbending rule of practice, in relation to the appointment of a guardian ad litem for an infant, upon the application of the complainant, where the infant, or his friends, neglect to procure the appointment of a guardian, for him, within twenty days after the return day of the subpœna.

The usual practice is to grant an order nisi, appointing some suitable person guardian ad litem, for the infant, unless the infant shall, within ten days after service of a copy of the order, procure the appointment of another person.

*It seems,* however, it is correct practice, for the complainant to give notice to the infant, at the time of serving the subpœna, where he is of the age of fourteen or upwards, or to his relative or protector, in whose presence the subpœna is served, where he is under that age, that if he does not procure the appointment of a guardian ad litem within twenty days after the return day of the subpœna, the complainant will apply to the court, to appoint a guardian for him, without further notice.

In the case of infants who are absentees, it is a matter of course to make an absolute order, for the appointment of a guardian ad litem for them, without further notice, where they, or their friends, do not procure a guardian to be appointed within twenty days after the expiration of the time limited in the order for their appearance.

Where a purchaser at a master's sale, under a decree, is himself a party to the suit in which the decree was entered, he cannot, in a collateral proceeding, raise a question as to the regularity of the decree. If the decree is irregular, so that such purchaser will not get a good title to the premises purchased by him, his remedy is to apply to the court, directly, to set aside the decree on that ground.

Concklin *v.* Hall.

THIS was an appeal from an order of the vice chancellor of the first circuit, directing the appellant to receive and pay for the premises, which he had purchased at a master's sale, or that the premises be re-sold, at his expense and risk. The premises were sold under a decree of foreclosure, and the appellant, B. Melick, who was one of the defendants in the foreclosure suit, became the purchaser. He paid the ten per cent required to be paid down, and signed a written memorandum, containing the terms and conditions of the sale, and stating that he had become the purchaser thereof, at the master's sale, for the sum of $2600. But he refused to pay the residue of his bid, upon the ground that a peremptory order, for the appointment of a guardian ad litem for the infant defendants, had been made by the late vice chancellor, instead of an order nisi, for the appointment of such guardian unless the infants should procure the appointment of a guardian ad litem for themselves.

*G. B. Hall,* for appellant. When an infant defendant fails to appear in a suit in equity, the complainant may apply by petition for the appointment of a guardian for the infant, and obtain an order of appointment upon the following conditions: 1. Service of a copy of the order naming a guardian, upon the infant, in a proper manner. 2. The lapse of ten days after such service, and failure of infants to procure the appointment of a guardian. 3. The entry of an order making the former order absolute. (*Knickerbacker* v. *De Freest,* 2 *Paige's Rep.* 304. 1 *Barb. Ch. Pr.* 84. 1 *Hoff. Ch. Pr.* 171, 172, *and note* 4.) If the infant can apply to open the decree and set aside the proceeding so as to be let in to appear and defend, the purchaser has a right to object to the title. The infants, in truth, have merits; as appear by the affidavits. Regularly, the order of the vice chancellor for the appointment of a guardian should have been a nisi order. But as it is, the complainant's solicitor should have served each of the infants with a copy of the order as it was granted, and with a notice to procure appointment of guardian in ten days, &c. The appointment of the guardian ad litem being irregular, it is as though no guardian had

been appointed.  The purchaser deems the title unsafe in its present condition.  If he erects buildings, the infants can hereafter claim his improvements, with the land.  The decree of foreclosure professes to cut off the equity of redemption of the infants, as heirs at law of the mortgagor : and the purchaser bid for such a title.

*C. J. De Witt*, for respondents.  It is in the discretion of the court to appoint guardians ad litem for infant defendants without notice to the infant.  And the court will make the appointment, without notice, in all cases where the expense of the appearance and answer of several guardians would be great, or where it is difficult to serve the infant.  The affidavit upon which the motion was opposed, did not profess to state the grounds, or even the proceedings, upon which the guardian ad litem was appointed; but the appellant relied simply upon the fact that no copy of the order for the appointment was served upon the infants.  It must be presumed, therefore, that sufficient cause was shown for appointing without notice.

THE CHANCELLOR.  The order for the appointment of the guardian ad litem was regular ; so far at least as to protect the title of the purchaser under the decree.  There is no unbending rule of practice in relation to the appointment of a guardian ad litem, for an infant defendant, upon the application of the complainant, where the infant and his friends neglect to procure the appointment of a guardian ad litem, for him, within twenty days after the return day of the subpœna.  The usual practice is to grant an order nisi, appointing some suitable person guardian ad litem for the infant defendant, unless the defendant, within ten days after the service of a copy of the order, procures the appointment of another person ; as prescribed in the case of *Knickerbacker* v. *De Freest*, (2 *Paige's Rep.* 304.) But this court has also sanctioned the practice of giving notice to the infant, at the time of serving the subpœna, where he is of the age of fourteen or upwards, or to his relative or protector, in whose presence the subpœna is served, where he is under

Concklin v. Hall.

that age, that if he does not procure the appointment of a guardian ad litem, within twenty days after the return day of the subpœna, the complainant will apply to the court to appoint a guardian ad litem for him, without further notice. And in the case of infants who are absentees, it is a matter of course to make an absolute order for the appointment of a guardian ad litem, for them, without further notice; where they or their friends do not procure a guardian to be appointed within twenty days after the expiration of the time limited in the order of the court for their appearance.

The affidavits show, that the course of practice first suggested was not adopted in this case. But the second may have been pursued, notwithstanding the affidavit of one of the infants, that she had no recollection of the service of any paper except the subpœna. Even if the vice chancellor erred, however, in not giving to the infants a further opportunity, to apply and get guardians ad litem appointed for themselves, after the expiration of the twenty days from the return of the subpœna, that formed no sufficient ground for the refusal of the appellant to complete his purchase.

The affidavits do not show that the infants had any defence whatever to the suit; or that their guardian ad litem had in any way neglected their interests. Under such circumstances, the court would not have set aside the order appointing him, upon their application, even if such application had been made before the sale by the master.

Again; the purchaser, in this case, was himself a party to the suit, and cannot raise the question as to the regularity of the decree in this collateral way. If the decree was irregular, so that a purchaser at the master's sale would not get a good title to the premises, the appellant might have applied to the court, directly, either in behalf of himself, or of his infant children, to set aside the decree on that ground.

The order appealed from must be affirmed with costs.