DINAH CARTER *vs.* W. J. MONTGOMERY and others.

October Term, 1875.

GUARDIAN AD LITEM—COMPENSATION WHEN THERE ARE NO FUNDS OF INFANT.—Where the legal title to realty is in an infant, and the party beneficially interested is compelled to bring the infant into court in order to procure a divestiture of the title, the beneficiary must pay the necessary expense of the proceedings, including reasonable compensation to the guardian *ad litem*, in the nature of taxable costs, to be included in the bill of costs.

*S. J. Henderson*, for the Matherleys.

No counsel for guardian *ad litem*.

THE CHANCELLOR :—The litigation in this case was over a small tract of land near Nashville, which was decreed, upon final hearing, to belong to the Matherleys. The legal title was, it seems, in Enoch Cunningham, who had purchased the property at a sale made under the authority of one of the unsuccessful claimants. Cunningham had entered into a written contract to sell to the defendant Bate, by quit-claim deed, but retained title for the benefit of Bate. He held, therefore, the naked legal title in trust for the real owner, having no interest in the litigation. He died before final decree, and the suit was revived against his children,

infants without general guardian, and, at the instance of the Matherleys, who were actors by a cross-bill, a solicitor of this court was appointed guardian *ad litem* to answer for them. The question now submitted to me is whether the compensation of the guardian should be included in the bill of costs, the costs having been charged upon the property in controversy.

According to the English practice, a guardian *ad litem* for an infant cannot be otherwise appointed than by bringing the infant into court, or his praying a commission to have a guardian assigned him. *Loyd* v. *Carew*, 1 Eq. Ca. Abr. 260. And this was, in one case, held by Lord Eldon to be an inflexible rule. *Tappen* v. *Norman*, 11 Ves. 563. But his lordship had previously, in *Jongsma* v. *Pfiel*, 9 Ves. 357, upon affidavit showing that the infant resided at Frankfort, in Germany, made an order, upon motion, appointing a guardian *ad litem*. This ruling was followed by the Vice-Chancellor, in *Lushington* v. *Sewell*, 6 Madd. 28, and may now be considered the established practice. *Egremont* v. *Egremont*, 2 De G. M. & G. 730; *Benison* v. *Wortley*, 5 De G. & Sm. 648. The Supreme Court of the United States, through Marshall, C. J., declare the English practice to be the "most approved usage." *United States* v. *Ritchie*, 8 Pet. 128.

In New York the guardian *ad litem* was appointed upon petition filed for the purpose. *Knickerbacker* v. *De Freest*, 2 Paige, 304. In this state the practice has not been so formal as in England or New York. No doubt an infant might appear in court and ask that a guardian *ad litem* be appointed. But, in the absence of a general guardian, the duty of moving is left to the adult having the custody of the infant, or thrown upon the complainant in the suit. The presence of the infant is not required. If the infant were of tender years, it would be a useless form; if resident at a distance from the court, a needless expense; and if a non-resident of the state, an impossible requirement. *Walker* v. *Hallett*, 1 Ala. 379; *Banta* v. *Calhoon*, 2 A. K. Mar. 167.

The nearest relative of the infant is entitled to the appointment. *United States* v. *Ritchie*, 8 Pet. 128; *Grant* v. *Van Schoonhoven*, 9 Paige, 255. And the next in right would be the adult in lawful control of the person of the infant. If no one applies for the infant, the practice in this state has been either to appoint the clerk and master, in analogy to the English rule of appointing one of the six clerks (2 Ch. Cas. 163; 2 Fonbl. 236), or to appoint a suitable person, usually a solicitor of the court. See *Concklin* v. *Hall*, 2 Barb. Ch. 136.

A guardian *ad litem* is entitled, in all proper cases, to retain the services of a solicitor to attend to the interests of his wards, and the compensation of such solicitor will come under the head of the "just allowances" always made them. *Stewart* v. *Hoare*, 2 Bro. C. C. 663; *Fearns* v. *Young*, 10 Ves. 184; *Crump* v. *Baker*, 18 Ves. 285; *Union Ins. Co.* v. *Van Rensselaer*, 4 Paige, 84. In the case of *Yourie* v. *Nelson*, in which I had occasion at a former term to consider this question, I laid it down as a general principle that it is the duty of trustees, guardians, and next friends of persons under disability to make a contract with counsel for their professional services, or agree with him after the services are performed as to his compensation. In the absence of such contract or agreement the solicitor may, upon motion and filing his claim for services, have a reference to ascertain his reasonable compensation. *Stewart* v. *Hoare*, 2 Bro. C. C. 663. Though, it seems, the solicitor has himself no lien on the fund. *Worrall* v. *Harford*, 8 Ves. 4. The guardian *ad litem* should be served with a copy of the order, or otherwise notified of the order, the amount of compensation claimed, and of the time and place of executing the reference. If the solicitor is also the guardian *ad litem*, then the notice must be served upon the infant, who will be entitled to have another guardian *ad litem* appointed to appear for him in the matter of the reference. This course was indicated by the supreme court in *Perkins* v. *Clack*, 9 Heisk. 95, and pursued in subsequent cases in that court.

The details of the practice were considered by me in *Yourie* v. *Nelson*, 1 Tenn. Ch. 614, and *Bowling* v. *Scales*, 1 Tenn. Ch. 618.

In the last of these cases I held the measure of compen- sation for professional services rendered for an infant having property should, ordinarily, be determined by the same considerations which regulate the compensation for similar services on behalf of an adult in like circumstances. The compensation in such cases comes out of the estate of the infant. *Matter of Howes*, 2 Edw. Ch. 484; *Union Ins. Co.* v. *Van Rensselaer*, 4 Paige, 85, 87. If there is no fund under the control of the court, belonging to the infant, the allowance which can be awarded the guardian *ad litem* is, ordinarily, limited to the taxable costs. *Gott* v. *Cook*, 7 Paige, 544; *Fraser* v. *Thompson*, 4 De G. & J. 663. In this state we have no taxable costs in the sense in which these words are used in England and New York. They mean, properly, the costs of the solicitor for professional services, the charges being regulated by statute or usage. The only costs of litigation in this state are the fees of the clerk, sheriff, and other ministerial officers, the state tax, and the fixed charges for depositions. The solicitor performs no services for which he is entitled to allowance in the bill of costs. The compensation which he can claim is against his client, and includes the honorary charge for professional services as counsel, and any demand he may have for expenses incurred in behalf of his client. The functions of the barrister and solicitor are blended in one individual, and the fee which the lawyer charges, and is entitled legally to demand, is a single claim for his services in both capacities.

In view of this fact I held, in *Yourie* v. *Nelson*, that the court had the power to provide reasonable compensation for a guardian *ad litem* of infants, to be charged, where there were no funds of the infant in court, in the bill of costs. *Walker* v. *Hallett*, 1 Ala. 379. Such compensation would be in the nature of taxable costs, and should not be measured

by the standard of ordinary professional services. It might vary, according to circumstances, from $5 to $20. The guardian *ad litem* in this case is entitled to such compensation, to be taxed in the bill of costs.

There is another element in this case which leads to the same result. The infant heirs of Cunningham only held the legal title to the land for the benefit of the successful litigant. They were made defendants merely for the purpose of divesting them of this legal title. The rule of equity is that, where an infant trustee is required to transfer the legal title under an order of the court, or is to be divested of the legal title under such order, when the divesting is authorized by statute, the *cestui que trust* must pay the necessary expense of the proceeding to obtain the transfer or divestiture. *Sutphen* v. *Fowler*, 9 Paige, 280 ; *Ex parte Pearse*, 1 Turn. & R. 325. Such expenses would include the reasonable compensation of a guardian *ad litem* of the infants. A fee of $20 will be allowed the guardian *ad litem,* to be taxed in the bill of costs.