### In re BALLANCE et al.

### In re RUBIN.

#### (Circuit Court of Appeals, Second Circuit. December 15, 1914.)

#### No. 9.

BANKRUPTCY ⬉386—COMPOSITIONS—SETTING ASIDE—PROCEDURE.

On demurrer to a petition by a creditor of a bankrupt who was given no notice of composition proceedings to set aside compositions for fraud where the trial court found fraud, it was error for it to deny the petition on the bankrupt paying a specified part of the petitioner's claim, as he should have been given an opportunity to elect to accept such part or to take his chance of proving the allegations of his petition, while the bankrupt should have been given an election to pay such amount or to answer and endeavor to show that the facts were not as they were admitted to be by the demurrer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 606; Dec. Dig. ⬉386.]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

For opinion below, see 206 Fed. 505.

This cause comes here upon petition to revise an order of the District Court, Eastern District of New York. The petitioner was a judgment creditor of William A. Ballance at the time the latter turned over all his assets to the company. When Ballance and the company filed their petitions in bankruptcy, Rubin was scheduled as a secured creditor of the former; his name did not appear on the schedules of the company. Both bankruptcy proceedings resulted in a composition, approved by the court, by which Ballance's creditors were to be paid 2 per cent. and the company's creditors 20 per cent. and the property was turned back to Ballance and the company. Rubin's judgment was only secured in part. He was given no notice of the proceedings in bankruptcy or of the compositions. Hearing of them subsequently he brought this proceeding to set aside the compositions on the ground that they were obtained through fraud practiced not only on Rubin, but also upon the other creditors. All the other creditors had notice of these proceedings and failed to appear.

The cause came into the District Court on demurrer to the petition. The court held that the petitions should be denied upon Ballance and the company paying Rubin $244.91.

Nathan Ottinger, of New York City, for petitioner.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The District Judge has quite fully discussed the various questions arising on the demurrer. He found fraud on the part of Ballance in the conveyance of his property, and in the making up of the schedules. It is unnecessary to discuss this branch of the cause; we fully agree with Judge Chatfield's conclusions thereon. The ordinary result of such conclusions would be an overruling of the demurrer with leave to answer. Because of some delay on Rubin's part after he "had some hearsay information" as to the pendency of bankruptcy proceedings, the court further held that if he were placed on a par with the other creditors, and treated as he would have been if his name had appeared properly on the schedules, his petition should be denied.

To this disposition of the case there are several objections. In the first place Rubin's claim is $2,638.96 less $500 which had been paid him, viz., $2,138.96. The mortgage security which was given to him on appeal from the judgment has turned out to be worthless. Twenty-two per cent. of that sum is $470.57, instead of the $244.91, which the court allowed him. Secondly, the petition is demurrable or it is not. Evidently the District Court thought that it set forth a good cause of action and we have reached the same conclusion. That being so, petitioner should have been given his choice, whether he would take the 22 per cent. in satisfaction of his claim, or take the chances of proving the allegations of his petition, disposing of whatever averments an answer to his petition might present and obtaining what relief he might get on the trial of the issues. He must, however, make an election as to which relief he will accept. He may not take the $470.57 as his share of the composition and then treat it as a partial payment only, proceeding against Ballance or the company, or both to recover unpaid balance of his claim.

So, too, respondents should be given an election either to pay the $470.57, and thus end the matter, or to answer and endeavor on the trial of the issues to show the facts to be different from what the demurrer has conceded them to be.

If no settlement of the case, on basis suggested can be agreed to by both sides, the demurrer should be overruled with leave to answer and the cause take the usual course.

The order is reversed and cause remanded with instructions to dispose of the case in conformity with this opinion.