**In re LILYKNIT SILK UNDERWEAR CO., Inc.**

**FULTON COUNTY SILK MILLS et al. v. IRVING TRUST CO.**

No. 359.

Circuit Court of Appeals, Second Circuit. Aug. 31, 1934.

Weil, Gotshal & Manges, of New York City (Eli M. Spark, of New York City, of counsel), for appellants.

Hahn, Abeson & Golin, of New York City (Julius J. Abeson, of New York City, of counsel), for trustee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

After an involuntary petition in bankruptcy had been filed in the Southern District of New York against Lilyknit Silk Underwear Company, Inc., the corporation, before adjudication, made an offer in composition that was accepted by a majority of its creditors in number and amount. A minority of the creditors objected. A reference to a special master resulted in a report recommending confirmation of the composition offer which was duly confirmed by the District Court. That order was reversed in this court on appeal. See In re Lilyknit Silk Underwear Co., 64 F.(2d) 404.

The order of confirmation, made September 9, 1932, directed payment to creditors within ten days of composition dividends of 17½ per cent. of their claims in cash, and two notes each of 5 per cent. This was done as ordered, and most of the creditors accepted the dividends. The appellees, however, refused them, and the appeal from the order of confirmation was taken October 4, 1932. No effort was made by the objecting creditors to obtain a stay of the order directing the payment of the dividends in composition pending the appeal. These payments were made in part with funds advanced by a third party, but the remainder came from the bankrupt's estate.

It is now claimed that because the creditors receiving the dividends, or at least a representative number of them, were not made parties to the former appeal, the effect of the final decree therein is not binding upon them. This court held in Re Gottlieb, 262 F. 730, that such creditors need not be made parties. In so far as that decision may be in conflict with Field & Co. v. Wolf (C. C. A.) 120 F. 815, we are committed to our former position, as appears from having already entertained the appeal in this matter without the joinder of such creditors as parties. In re Lilyknit Silk Underwear Co., supra.

Nor is the fact that objecting creditors failed to apply for a stay of the order providing for the payment of composition dividends pending the former appeal of moment now. They might have done so and, if they had, might have secured one. But no one knows whether they would have obtained one or not. Compare Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589. While it would have been a wise course to do that, it was wholly unnecessary so far as their right to appeal was concerned. Moreover, the creditors who accepted the dividends were bound to know that those who objected had the right to and might appeal within the time allowed, and they could not assume that such an appeal, if taken, would be fruitless. Besides that, the trustee in bankruptcy is the petitioner here. It acts for all the creditors. It is entitled to have its rights as trustee enforced, and those rights cannot be affected by the failure of objecting creditors to try to have the payments stayed.

So the bald question of whether or not a trustee in bankruptcy may recover the assets of the bankrupt's estate which have been used to pay dividends under a composition order which has been reversed is squarely before us. So far as we have been able to discover there has hitherto been no decision on this precise point. No provision in the Bankruptcy Act (11 USCA) and no General Order (see 11 USCA § 53) expressly covers it.

It has been held that, where a composition has been set aside under section 13 of the Bankruptcy Act (11 USCA § 31), payments in composition already received by creditors need not be returned. In re Roukous (D. C.) 128 F. 645; Ex parte Hamlin, Fed. Cas. No. 5,993. This has been so held on the theory that, as creditors have all been paid pro rata, none is adversely affected, but all may benefit in proportion by additional dividends even though no return of what has been received is required. In theory at least the amounts, if repaid, would be returned to the creditors who had them by virtue of the composition dividends already paid. But payments in composition are not received by creditors as a share of the bankrupt's estate to which the creditor is entitled. They are, on the contrary, the share of the creditor in the fund the bankrupt has provided in accordance with the provisions of the act (section 12 [11 USCA § 30]) relating to compositions by means of which he may redeem the estate from creditor's claims. In re Ballance, 219 F. 537 (C. C. A. 2). When the order confirming the composition was reversed by our former decision, the right of the bankrupt so to redeem his estate became nonexistent. Up to that time it had been, at best, a tentative right only. And the right of creditors to receive and retain any dividends which came from the bankrupt's estate itself had been just as tentative. It too became nonexistent. It became the duty of the trustee to gather in all assets belonging to the estate that they might be administered in accordance with the act. In so far as composition dividends may be traced to the bankrupt's estate as their

54

source, a proper regard for the due administration of the bankruptcy law requires their being put into the hands of the trustee for final disposal in accordance with the act.

■ That there is no express provision in the law covering the subject need not be fatal to the trustee's effort to bring this about. One of the basic principles which permeates the act is the duty of the trustee to administer all of the bankrupt's estate, which is not exempt, in accordance with the bankruptcy law. In the exercise of a duty imposed by the bankruptcy law, the trustee may invoke such general equitable principles as are applicable. Searle v. Mechanics' Loan & Trust Co. (C. C. A.) 249 F. 942; In re Young (C. C. A.) 294 F. 1. Among them is the power to require restitution of what has been taken by the enforcement of a judgment subsequently reversed. Northwestern Fuel Co. v. Brock, 139 U. S. 216, 11 S. Ct. 523, 35 L. Ed. 151; Bank of United States v. Bank of Washington, 6 Pet. 8, 8 L. Ed. 299; Bank of United States v. Ritchie, 8 Pet. 128, 8 L. Ed. 890; See, also, Haebler v. Myers, supra.

We now make no attempt to go beyond the issues and indicate how the restored fund shall be distributed. Such portion of it as may have been advanced to the bankrupt by a third party to create in part the amount paid in composition dividends may be dealt with as the law requires when, if ever, that question arises.

Order affirmed.