HELENA V. STANTON *et al. vs.* MARY I. SULLIVAN *et al.*

FEBRUARY 7, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity praying for the partition of certain real estate in the city of Pawtucket. By his will, James A. Whalen, late of Pawtucket, deceased, devised an undivided half interest in this property to each of his two daughters, Helena V. Stanton and Mary I. Sullivan, for life, with remainders on the death of the survivor of these daughters to their living children. The cause comes to us on the complainants' appeal from a decree of the superior court sustaining a demurrer by the guardian *ad litem* of an infant respondent, hereafter referred to in some instances merely as guardian for convenience.

An examination of the travel of this cause shows that the original bill did not make this infant a party respondent. The adult respondents demurred to the bill on the single ground that "the estate devised to the complainants and to the respondents is not such an estate as a court of equity can partition either by metes and bounds or sale during the joint lives of Helena V. Stanton and Mary I. Sullivan and the life of the survivor of them." This demurrer was overruled, and the adult respondents later filed an amended answer to the bill admitting all its allegations. The case was apparently then ready for hearing for final decree, but there has been no such hearing.

The complainants thereafter moved that Eileen Whalen, of the city of New York, be made a party respondent, and a decree to that effect was accordingly entered, neither the motion nor the decree showing that Eileen Whalen was an infant, or what, if any, interest she had in the real estate. No statement of such interest has since been made a matter of record or even set forth in any of the pleadings When the fact of infancy was called to the attention of the court, it appointed the counsel for the adult respondents as guardian *ad litem* for the infant. The decree appointing such guardian, in addition to directing the guardian to file an answer, authorized him to "file such other motions or pleadings as *he* may deem proper to protect the interests of said minor respondent." (italics ours)

A guardian *ad litem* is not an attorney for the infant, but an officer appointed by the court to assist it in properly protecting the interests of the infant. It is fundamental that he be an impartial person not otherwise interested in the proceeding and not an advocate for other parties whose interests may possibly conflict with those of the infant. In the instant case it is impossible for us to tell from the record whether there is such a conflict of interests; but, if such conflict should appear later, another and impartial guardian should be appointed in place of the present one.

The rights of an infant respondent are customarily submitted to the protection of the court by a suitable answer filed by the guardian for the infant, which would put the opposing party upon his proof and allow the guardian to avail himself of every defense, both of law and fact, that might be open to the infant. The court should not, as it did in the decree appointing the guardian in this cause, authorize him to file whatever pleadings "he may deem proper"; for, as this court said in *Keenan* v. *Flanagan,* 50 R. I. 321: "The control of the defense by the guardian is not complete but must be exercised with the approval of the court in a manner best adapted to protect the rights of the minor."

In the instant case, within the time specified in the decree appointing the guardian, he filed a demurrer in behalf of the infant on the identical single ground which he, when acting as counsel for the adult respondents, had relied on in the demurrer for such respondents and which the court had previously overruled. This demurrer by the guardian *ad litem* was sustained, after a hearing thereon, and a decree accordingly was entered without dismissing the bill as to the infant. It is from this decree that the complainants have appealed to this court.

We have found no reported case anywhere in which a demurrer was filed by a guardian *ad litem* for an infant nor any authority which says whether such a procedure is proper. But assuming, without deciding, that a guardian *ad litem* may file a demurrer for an infant respondent, nevertheless, in view of the facts that in the instant case the interest of the infant, if any, in the property in question is not shown in the record; that no decree has been entered by which the bill was dismissed as against her; that a decree overruling the demurrer of the other respondents which was on the same ground as the one filed for her, was previously entered and remains in effect; and that no final decree has been entered as to them nor any hearing held therefor, we are clearly of the opinion that the appeal in the circumstances of the instant cause is prematurely before this court. This is not a cause where a dismissal of this appeal would amount to a denial of justice or result in great hardship to any one.

It is well settled with us that, apart from certain classes of interlocutory decrees specifically provided for by statute, an appeal to this court lies only from a final decree. This general rule, however, is subject to certain exceptions, the one of import here being the exception that is made where a decree which, though in a strict sense interlocutory, is held to have such elements of finality as to permit an immediate appeal because of possible injurious consequences. *Davis* v. *Perrino,* 60 R. I. 145, 197 A. 393.

This court hitherto has not been confronted with a situation like that which appears in this record. It is indeed unusual for the superior court to make two completely opposite rulings on identical demurrers in the same cause. The questions raised by each demurrer being the same, it would seem that the same ruling ought to be made by the superior court on each demurrer.

In view of all the circumstances above pointed out, the decree sustaining the infant's demurrer did not finally dispose of the whole cause, and we do not regard that decree as a final decree for the purpose of an appeal.

For the reasons stated, the complainants' appeal is dismissed without prejudice, and the cause is remanded to the superior court for further proceedings.

*Thomas L. Carty,* for complainants.

*Woolley, Blais & Quinn, John F. Quinn,* for respondents.