Genevieve R. **DOOLING**, Appellant,

v.

Winfred **OVERHOLSER**, Appellee.

No. 13499.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 19, 1956.

Decided Feb. 28, 1957.

Petition for Rehearing in Banc Denied
May 6, 1957.

Supplemental Opinion May 6, 1957.

826

Mr. Samuel S. D. Marsh, Washington, D. C., with whom Mr. Richard S. T. Marsh, Washington, D. C. (appointed by the District Court), was on the brief, for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Alfred Burka, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

FAHY, Circuit Judge.

After proceedings initiated under the applicable statutory provisions, set forth at length in our Code, § 21–306 et seq., D.C.Code 1951, appellant on September 2, 1954, was decreed by the District Court to be of unsound mind. By the same decree she was committed to St. Elizabeths Hospital until such time as she might be safely discharged therefrom or returned to the State of her residence.[1] On February 2, 1956, she filed a 119 page petition for a writ of habeas corpus in which she alleged that she was presently of sound mind. In the proceedings in the District Court following upon this petition she challenged also the validity of her original commitment on the ground that she had been without the assistance of counsel in the commitment proceedings. The facts are that the court had appointed counsel for her but had granted her request that the counsel be discharged, so that she had not been represented. In the habeas corpus pro-

ceeding the court by its order found appellant presently to be of unsound mind, held her original commitment to be valid, dismissed the petition for the writ, discharged the writ and remanded appellant to the custody of appellee, who is the Superintendent of St. Elizabeths Hospital.[2]

■ Our problem is simplified because the path to be followed has previously been laid out by this Court. In Barry v. Hall, 68 App.D.C. 350, 357, 98 F.2d 222, 229, in a careful treatment of the subject by Stephens, then Associate Justice, the Court said:

"* * * Even though it appears factually upon a habeas corpus hearing that a petitioner is insane, nevertheless, if he has been confined under a void statute or a void proceeding, he is entitled to an order of discharge so far as his then confinement is concerned. * * *"

To like effect is Overholser v. Treibly, 79 U.S.App.D.C. 389, 147 F.2d 705. We must, therefore, determine whether appellant's initial commitment was valid even though she may now be of unsound mind. Here again the answer is found in previous decisions of this Court. In Howard v. Overholser, 76 U.S.App.D.C. 166, 171, 130 F.2d 429, 434, in an opinion by Associate Justice Rutledge, the Court said:

"* * * Not only in respect to transactions, but in relation to litigation, elementary conceptions require that he [the insane person] be represented by another mentally and legally competent. Due process would seem to require this when his rights are involved in court. It is the court's duty, therefore, when a sufficient petition has been filed and its power thereby brought into play, to appoint either a guardian or counsel to represent the petitioner in the further stages of the proceeding."[3]

---

1. She was found not to be a resident of the District of Columbia.

2. The appeal is from this order.

3. In the Howard case the effort was not, as here, to overturn the ·original commitment but to prevent the insane person's transfer from this jurisdiction to Colorado. Counsel in the habeas corpus proceedings was deemed to have waived petitioner's right to a hearing on the

This was restated in substance in Overholser v. Treibly, 79 U.S.App.D.C. at pages 393–394, 147 F.2d at pages 709–710.

Our statute satisfies the above requirements. It provides:

"The court may in its discretion appoint an attorney or guardian ad litem to represent the alleged insane person at any hearing [before the commission] before the court, or before the court and jury * * *." Section 21–308. See, also, section 21–311.

It also provides:

"At all hearings the alleged insane person shall have the right to be represented by counsel." Section 21–311.

■■ In construing these provisions together, any doubt as to their meaning may be resolved so as to avoid any question of their failure to meet the due process requirements of Howard and Treibly. This leads to a construction of the statutory provisions that at hearings before the Commission or the court, and before the court and jury, the alleged insane person has the right to be represented by counsel, and if not so represented independently then the court shall appoint either an attorney or a guardian ad litem. Howard v. Overholser, supra. Since appellant did not have such representation before the Commission or the court, on appointment of the court or otherwise, in the proceedings leading to her commitment September 2, 1954, appellee's custody of appellant rests upon a fatally defective decree of commitment. However, and here again we follow the path previously laid out, appellee need not be required to release her immediately:

question of his sanity which he had raised in his petition. The Court concluded:

"Adequacy of the hearing has been questioned only in respect to the alleged right of transfer. In the peculiar situation, we think the action of counsel may be taken as sufficient to constitute a waiver of any right to further hearing in this proceeding upon the question of

"* * * It is settled that the detention for a brief period of one who is as a matter of fact insane while proper proceedings are being instituted to determine his insanity as a matter of law, is not unlawful." Barry v. Hall, 68 App.D.C. at page 358, 98 F.2d at page 230.

The finding of the District Court that appellant is presently of unsound mind is amply supported by the evidence and we find no error impairing that finding.

■ The order discharging the writ of habeas corpus, and dismissing the petition for the writ, must be reversed, but conformably with the procedure adopted in Treibly the cause will be remanded to the District Court for discharge of appellant from the custody of appellee unless within five days after the entry of such order new proceedings under the statute are initiated, at which she shall be represented by counsel or a guardian ad litem. [4]

Reversed and remanded.

Supplemental Opinion

Through the United States Attorney appellee has petitioned for a rehearing en banc. Though this petition has been denied the division of the Court which decided the case files this supplemental opinion.

■ 1. In the petition for rehearing en banc appellee expresses satisfaction with our decision insofar as it applies to cases in court. He urges, however, that insofar as it requires representation by counsel or a guardian ad litem before the Mental Health Commission the opinion is obiter dictum. This is not correct. In both the District Court and this Court appellant challenged the validity of the

sanity." 76 U.S.App.D.C. at page 171, 130 F.2d at page 434.

4. Should she be represented by a guardian ad litem, the guardian ad litem, if he or she so desires, may be assisted by counsel. Cf. Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 375, 236 F.2d 666, 670.

commission hearing,[1] and pressed us to decide the question of representation "at all critical stages of her lunacy proceedings," which included both commission and court hearings. Furthermore, under the statutory plan the hearing before the Commission and the Commission's recommendation to the court are integral parts of the commitment process. According to the testimony of the Chairman of the Commission on Mental Health, 99 per cent of all cases are disposed of with no demand for a jury trial, in which event the statute permits the court to find the person to be insane on the basis of the "petition and report of the commission" without other proof. Section 21-314, D.C.Code 1951. Thus the court may and usually will commit the person as insane on the basis of facts developed at but one hearing, that before the Commission. And even if we could have found that the commitment of appellant was invalid for lack of representation in court alone, the question was raised with respect to the commission hearing as well. We held the commitment invalid because of the absence of representation in each proceeding. This does not make our ruling obiter dictum with respect to the need for such representation before the Commission:

"* * * for where there are two grounds, upon either of which an appellate court may rest its decision, and it adopts both, 'the ruling on neither is *obiter*, but each is the judgment of the court, and of equal validity with the other'." United States v. Title Ins. & Trust Co., 265 U.S. 472, 486, 44 S.Ct. 621, 623, 68 L.Ed. 1110.

██ 2. We have not decided, as the petition filed by the United States At-

torney seems to suggest, that an alleged insane person must be represented by an attorney at hearings before the Commission. We have held, clearly, and now reiterate, that he or she must be represented by either an attorney or a guardian ad litem. A guardian ad litem of course need not always be an attorney.[2] In Howard v. Overholser, 76 U.S.App. D.C. 166, 171, 130 F.2d 429, 434, it was said that an insane person must be represented by "another mentally and legally competent." The representative, however, must be "an impartial person not otherwise interested in the proceeding." Stanton v. Sullivan, 62 R.I. 154, 4 A.2d 269, 270. See, also, Bank of United States v. Ritchie, 8 Pet. 128, 143, 33 U.S. 128, 143, 8 L.Ed. 890. Subject to these qualifications the guardian ad litem may be a relative or friend selected by the court with due regard to the nonadversary nature of the proceedings before the Commission, which are "in all respects" under the direction of the equity court. Overholser v. Treibly, 79 U.S. App.D.C. 389, 147 F.2d 705, 709. The choice of an attorney or of someone other than an attorney is left to the District Court, but representation by either an attorney or guardian ad litem is required in order to give effect to the congressional purpose expressed in section 21-311, D.C.Code (1951). This section reads as follows:

"At all hearings the alleged insane person shall have the right to be represented by counsel,"

a provision which must be read with the accompanying section 21-308, providing that the District Court,

"* * * may in its discretion appoint an attorney or guardian ad

---

1. Appellant in her amended petition for a writ of habeas corpus stated:

"* * * The failure of this Court under these circumstances to provide petitioner with counsel at said hearing before the Commission on Mental Health stands as a jurisdictional bar to the validity of her subsequent adjudication and commitment."

2. Cf. § 13–105, D.C.Code 1951; Bank of United States v. Ritchie, 8 Pet. 128, 143, 33 U.S. 128, 143, 8 L.Ed. 890. See, also, Rule 21(b) of the United States District Court for the District of Columbia, which provides:

"(b) Guardians Ad Litem; Members of Bar to Be Appointed. Except for special cause shown no person other than a member of the bar of this court shall be appointed guardian ad litem."

litem to represent the alleged insane person at any hearing before the commission, or before the *court, or* before the court and jury * * *."

In Johnson v. Zerbst, 304 U.S. 458, 464–465, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461, the Supreme Court held that "the right * * * to have the Assistance of Counsel" guaranteed by the Sixth Amendment in all criminal prosecutions, requires representation by counsel unless waived, and that the waiver must be an intelligent one.[3] No case arises to question the validity of a commitment under our statute unless in the very proceeding to which the right of representation applies the person alleged to be insane has been found in fact to be insane. Such a person cannot be deemed by the courts to have intelligently waived the statutory right to be represented by counsel. The only way to give effect to this right, considered with the discretion reposed in the court by the same statute, section 21-308, supra, is to require the appointment of either an attorney or a guardian ad litem where neither appears independently.[4]

 3. Except as to the present case our decision may be applied only prospectively. Our power so to restrict the application of a decision based upon the construction of a statute seems clear. See Durham v. United States, 94 U.S. App.D.C. 228, 240, 214 F.2d 862, 874; Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 375, 236 F.2d 666, 670. Cf. Great Northern Ry. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 363–366, 53 S.Ct. 145, 77 L.Ed. 360; Griffin v. People of State of Illinois, 351 U.S. 12, 25–26, 76 S.Ct. 585, 100 L.Ed. 891 (concurring opinion); Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642.

---

3. While Johnson v. Zerbst involved a constitutional right in a criminal case it is analogous to and controlling here on the question of an intelligent waiver. And see Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 375, 236 F.2d 666, 670.

4. This construction of the statute avoids the constitutional doubts which would arise if representation were not required. See Ullmann v. United States, 350 U.S. 422, 433, 76 S.Ct. 497, 100 L.Ed. 511; Howard v. Overholser, supra; and Overholser v. Treibly, supra.