In re Ann BASSO, Appellant.

No. 16485.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 23, 1962.

Decided March 1, 1962.

Petition for Rehearing En Banc Denied
En Banc March 27, 1962.

Petition for Rehearing Before the Division Denied April 3, 1962.

Mr. Edward L. Genn, Washington, D. C. (appointed by this court), with whom Mr. Lawrence Speiser, Washington, D. C. (appointed by the District Court) was on the brief, for appellant.

Mr. H. Thomas Sisk, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for the District of Columbia.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a verdict of the jury, and decree of adjudication of unsoundness of mind and commitment.

On March 8, 1961, a member of the Metropolitan Police Department brought appellant to the D. C. General Hospital after interviewing her and finding her to be "in a very confused state of mind and unable to care for herself." On the strength of a petition filed by the policewoman, who averred the patient to be of unsound mind, incapable of managing her own affairs, and that it was not desirable to permit her to go around unsupervised, the District Court issued its writ and called upon the Commission on Mental Health to examine the patient and to report its recommendations to the

court. A guardian *ad litem* was appointed, agreeably to our holding in Dooling v. Overholser, 100 U.S.App.D.C. 247, 243 F.2d 825 (1957).

Thereafter two psychiatrists certified that they had made a mental examination of appellant and that she was of unsound mind and a proper subject for commitment to a hospital for treatment of her mental condition. The Commission on Mental Health thereafter, following an examination of appellant's mental condition, submitted its report and recommendations, stating that appellant was a schizophrenic, paranoid type, incapable of managing her own affairs, and recommended commitment. On March 24, 1961, the guardian *ad litem* filed his report concurring in the recommendation of the Commission.

Appellant demanded a jury trial, and jury trial followed. The transcript demonstrates that Mrs. Basso is suffering from a disordered mind. The evidence overwhelmingly establishes, without contradiction, the basis for her further hospitalization.

At the outset of the trial, Mrs. Basso sought "to get me an attorney or revoke the charter through the Civil Liberties Union." She informed the court: "I demand the right to act as attorney for myself. I demand it with the jury." She was informed by the court that the guardian *ad litem* would act as her counsel. She stated: "That was a null and void appointment, absentia of myself." She objected to court-appointed counsel and further stated: "I demand the right to act as my own attorney in fact."

At the direction of appellant, counsel asked the jury *voir dire* certain questions, after which certain prospective jurors were struck. The jury having been impanelled, Mrs. Basso conducted, as she had demanded, her own trial. Had the trial judge appointed other counsel he would have been on sounder ground; however, under the circumstances of this case, it is clear that appellant was in nowise prejudiced. No one can read her questions and comments and have any doubt that she seriously lacked orientation.

It must be recognized that cases of this nature, in many instances, create a troublesome and embarrassing situation for counsel appointed as guardian *ad litem*. To a very noticeable degree the present case spotlights the practical difficulties that may, and often do, arise in such proceedings.

An aggressive and vocal woman, Mrs. Basso vehemently demanded the right to conduct her own defense. As an example, when the first witness, the policewoman, had completed her direct examination, the guardian *ad litem* proceeded to question her, eliciting the fact that no one was present when her interview with appellant took place. He was interrupted by appellant as follows:

"Mrs. Basso: Your Honor, I would like to rebut this witness."

The court then permitted appellant to go ahead, and from then on she conducted the proceedings.

■ Our reading of the entire transcript demonstrates that nothing could have stopped Mrs. Basso from having her say to the jury. In such circumstances it would be unrealistic to expect a guardian *ad litem* to do more than protect procedural rights. Certainly so long as this procedural protection is accorded the alleged insane person, as was done in the instant case, it cannot be said that the commitment proceeding was void merely because the guardian *ad litem* was convinced in his own mind that commitment and treatment were proper in the circumstances. Indeed, as this case so graphically demonstrates, no rational person could possibly have had a different opinion with respect to Mrs. Basso's need for psychiatric care.

■ When questioned by us, present counsel appointed by this court conceded in all candor, as indeed by the contents of the record he was obliged to do, that no jury could have concluded other than that appellant was mentally ill. There has been no suggestion that other counsel in the trial court could have taken any

step which might have brought about a different verdict. The main ground relied upon by appellant's present counsel is that she was denied effective assistance of counsel, due to the fact that the guardian *ad litem* had concurred in the recommendation of the Commission on Mental Health.

There is no evidence to indicate that the jury at any time had been informed that the guardian *ad litem* had concurred in the recommendation of the Commission, and it is hard to see how he could have done anything more than see that appellant's procedural rights were protected. The fact is that appellant took the entire trial of her case out of the hands of her counsel and, in so doing, conclusively established her own mental incompetence. The guardian *ad litem* did what any responsible and competent lawyer would have done, namely, he concurred in the necessity for treatment of appellant. This in no sense militates against his effective assistance. There is no showing that any procedural rights were violated at her trial. Many a trial lawyer, even in criminal cases, represents a person whom he believes to be guilty; but this does not necessarily make him any the less effective as counsel in seeing that the rights of the defendant are protected. Had the guardian *ad litem* in this case reported that appellant was mentally competent he would have rendered her a distinct disservice. She is certainly in need of care and treatment.

A somewhat similar case is that of Howard v. Overholser, 76 U.S.App.D.C. 166, 171, 130 F.2d 429, 434 (1942).

There it was claimed that the petitioner was incompetent to represent himself in that he did not seriously attack his adjudication; that he attached exhibits to the petition not properly admissible in evidence; that he did not object to the admission of improper evidence; and that he otherwise failed to take action which competent counsel would have taken. In affirming the denial of *habeas corpus*, the court said:

"Petitioner was therefore incompetent to waive his right to a hearing on the question of his sanity, having invoked the court's jurisdiction in this respect, and his attempted waiver was ineffective. However, he has been ably represented by counsel on appeal, who has seen fit to raise no issue on this score, but on the contrary conceded at the argument that a hearing at this time on the question of sanity could have no other effect than a remand of petitioner to custody. Adequacy of the hearing has been questioned only in respect to the alleged right of transfer. In the peculiar situation, we think the action of counsel may be taken as sufficient to constitute a waiver of any right to further hearing in this proceeding upon the question of sanity."

Under the circumstances here, as in Howard, we find no prejudice.[1]

Other contentions have been submitted by counsel and have been fully considered but they require no discussion.[2] We find no error affecting substantial rights.

Affirmed.

1. Cf. United States v. Cantor, 217 F.2d 536 (2d Cir. 1954), as to right of petitioner to act as his own attorney.

2. The court was informed by both counsel that following Mrs. Basso's commit-ment the appropriate agencies negotiated for her transfer to a hospital in her home state of Texas, where she now is receiving treatment.