KAREN LECRAFT HENDERSON, Circuit Judge,
concurring:
We are to uphold the Secretary’s determination unless it “lack[s] substantial support in the administrative record taken as a whole or in classified information submitted to the court." 8 U.S.C. § 1189(c)(3)(D) (emphasis added). In my view, the classified portion of the administrative record provides “substantial support” for her determination that the PMOI either continues to engage in terrorism or terrorist activity or retains the capability and intent to do so and, consequently, for her denial of the PMOI’s revocation petition. Further, our cases have repeatedly emphasized what the statute makes clear: the PMOI enjoys no right to access classified material the Secretary relied on. See NCRI I, 251 F.3d at 208 (state’s notice to designated entities “need not disclose the classified information to be presented in camera and ex parte to the court under the statute”); see also PMOI II, 327 F.3d at 1242 (we “already decided in [NCRI I ] that due process required the disclosure of only the unclassified portions”) (emphasis in original). And we have upheld against due process challenge an AEDPA designation that relied on both classified and unclassified material. See NCRI II, 373 F.3d at 152 (“Based on our review of the entire administrative record and the classified materials appended thereto, we find that the Secretary did have an adequate basis for his conclusion.”) (emphasis added). Although we acknowledged later in the same opinion that the unclassified record alone would have sufficed to support the designation, we have consistently and unambig *232 uously followed this reading of NCRI I in virtually every AEDPA case.[1] See id. at 159-60 (access argument is “foreclosed by our earlier decisions in [NCRI I] and PMOI II”); cf. Kahane Chai v. Dep’t of State, 466 F.3d 125, 129 (D.C.Cir.2006) (declining to resolve due process claim because “we can uphold the designations based solely upon the unclassified portion of the administrative record”). Moreover, other precedent also affirms administrative decisions relying on classified material, each rejecting a due process challenge on the basis of PMOI II and NCRI I.[2] While these decisions are not under AEDPA, they treat our AEDPA precedent as binding and are, in any event, binding themselves.
According to the Secretary, however, as in NCRI I her decision was based on both classified and unclassified material. Because the PMOI had no opportunity to access/rebut the unclassified portions before the Secretary’s decision was final, it is not clear that she would have denied the revocation petition had that material been made available to the PMOI earlier. In addition, the Secretary herself appears to have recognized the ambiguity of the record by recommending a sua sponte reexamination of the PMOI’s status in two years. Revised Admin. Summ. 20 (“In light of the evidence submitted by the MEK that it has renounced terrorism and the uncertainty surrounding the MEK presence in Iraq, the continued designation of the MEK should be re-examined by the Secretary of State'in the next two years even if the MEK does not file a petition for revocation.”). In short, were I confident that she had evaluated and relied on what I consider to be the substantial support contained in the classified record only (along with the sources therefor), I would affirm. Because I am not, I join my colleagues in remanding to the Secretary.

. For example, in PMOI II we rejected the contention that the PMOI's redesignation under AEDPA was unconstitutional because “the Secretary relied on secret information to which [the PMOI was] not afforded access”: “We have already established in [NCRI /] the process which is due under the circumstances of this sensitive matter of classified intelligence in the effort to combat foreign terrorism. The Secretary has complied with the standard we set forth therein, and nothing further is due.” PMOI II, 327 F.3d at 1242-43. The court went on to note that "even if we err in describing the process due, even had the Petitioner been entitled to have its counsel or itself view the classified information, the breach of that entitlement has caused it no harm.” Id. at 1243. But I read the subjunctive phrase beginning with “even if” as an alternative holding which means both holdings constitute precedent. See Natural Res. Def. Council, Inc. v. Nuclear Regulatory Comm’n, 216 F.3d 1180, 1189 (D.C.Cir. 2000) (“ '[Wjhere there are two grounds, upon either of which an appellate court may rest its decision, and it adopts both, the ruling on neither is obiter [dictum], but each is the judgment of the court, and of equal validity with the other.’ ” (quoting Dooling v. Overholser, 243 F.2d 825, 828 (D.C.Cir.1957) (internal quotations omitted))).

. See Jifry v. Fed. Aviation Admin., 370 F.3d 1174, 1184 (D.C.Cir.2004) (“While the pilots protest that without knowledge of the specific evidence on which TSA relied, they are unable to defend against the charge that they are security risks, the court has rejected the same argument in the terrorism listing cases. The due process protections afforded to them parallel those provided under similar circumstances in [NCRI I and PMOI II], and are sufficient to satisfy our case law.”); Holy Land Found, for Relief & Dev. v. Ashcroft, 333 F.3d 156, 164 (D.C.Cir.2003) (“That the designation comes under an Executive Order issued under a different statutory scheme makes no difference. HLF’s complaint, like that of the Designated [FTOs] in the earlier cases, that due process prevents its designation based upon classified information to which it has not had access[,] is of no avail.”).